# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

IN RE:                                            CASE NO.:    6:08-bk-04327-KSJ

**MIRABILIS VENTURES, INC.,**                     **CHAPTER 11**

      **Debtor.**
_____/

**MIRABILIS VENTURES, INC.,**                     Adversary Proc. No.:_____

      **Plaintiff,**
**v.**

**RON SACHS COMMUNICATIONS INC.,**
**a Florida corporation,**

      **Defendant.**
_____/

## COMPLAINT TO
## SET ASIDE FRAUDULENT TRANSFERS

Mirabilis Ventures, Inc. (the "Debtor" or "Mirabilis"), hereby files this Adversary Complaint to Avoid and Recover Fraudulent Transfers made to the Defendant, RON SACHS COMMUNICATIONS INC., a Florida corporation ("Sachs"), and alleges, upon information and belief, as follows:

### Nature of the Action

1.      This is an adversary proceeding brought pursuant to §§ 544, 548, and 550 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 7001 of the Federal Rules of Bankruptcy Procedure. This action seeks to avoid fraudulent conveyances.

2.      This Court has jurisdiction over this matter pursuant to jurisdiction over this proceeding as a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2), including, but not limited to, subsections (A), (E), (H), and (O).

-1-

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O).

4. Venue is proper in this district and division under 28 U.S.C. § 1409.

5. The statutory predicates for this Complaint are 11 U.S.C. §§ 105, 548, 549, 550 and Florida Statutes §§ 726.105, 726.106, 726.108.

### General Allegations

6. Mirabilis Ventures, Inc. ("Mirabilis") is a Nevada corporation with its principal place of business in Orlando, Orange County, Florida.

7. On May 27, 2008, Mirabilis filed voluntary petition under Chapter 11 of the Bankruptcy Code. On June 5, 2008, AEM filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

8. On August 14, 2009, the Debtors filed a joint amended plan of liquidation, whereby Mirabilis became the liquidating debtor. AEM and Hoth were consolidated into Mirabilis post-confirmation.

9. Sachs is a Florida based full service public relations firm with an office in Orlando, Florida.

10. On January 10, 2008 AEM, Inc. issued two checks to Sachs for $30,000.00 each. A copy of Check Number 12631125 and 12631138 are attached hereto as Composite Exhibit "1."

11. Sachs did not provide any services for either Mirabilis or AEM, Inc.

12. On July 29, 2008, R.W. (Bill) Cuthill, Jr., President of Mirabilis, sent Sachs a demand for payment. A copy of the letter is attached hereto as Exhibit "2."

-2-

## COUNT I

**(Avoidance and Recovery of Fraudulent Transfers pursuant to
11 U.S.C. §§ 544(b) and 550, and §§ 726.105(1)(b) and 726.106, Florida Statutes)**

13.     Mirabilis realleges and incorporates herein by reference each allegation set forth above in paragraphs 1 through 12.

14.     Defendant did not receive a benefit or consideration, direct or indirect in exchange for the $60,000.00.

15.     Within four (4) years prior to the Petition Date, the Defendant fraudulently received $60,000.00.

16.     The Defendant did not provide value in exchange for the $60,000.00 received.

17.     Mirabilis was insolvent at the time that Defendant received the $60,000.00 or became insolvent as a result.

18.     Mirabilis was engaged or was about to engage in a business transaction for which the remaining assets of the Mirabilis were unreasonably small in relation to the business or transaction, or intended to incur, or believed or reasonably should have believed that the Mirabilis would incur, debts beyond its ability to pay as they became due.

19.     By reason of the foregoing, the funds transferred to the Defendants are avoidable pursuant to 11 U.S.C. § 544(b) and §§ 726.105(1)(b) and 726.106, Florida Statutes.

**WHEREFORE**, Mirabilis requests that this Court enter an order: (i) avoiding the $60,000.00 payment as a fraudulent transfer under 11 U.S.C. § 544(b) and §§´726.105(1)(b) and 726.106, Florida Statutes; (ii) entering judgment in favor of Mirabilis against the Defendant, together with prejudgment and post-judgment interest and costs pursuant to 11 U.S.C. § 550; and (iii) granting such other and further relief as the Court deems just and proper.

4848-9219-9429.2
43582/0001

## COUNT II

**(Avoidance and Recovery of Fraudulent Transfers pursuant to
11 U.S.C. §§ 544(b) and 550, and § 725.105(1)(a) Florida Statutes)**

20.     Mirabilis realleges and incorporates herein by reference each allegation set forth above in paragraphs 1 through 12.

21.     Defendant's receipt $60,000.00 was accepted with actual intent to hinder, delay, or defraud creditors of Mirabilis.

22.     By reason of the foregoing, the transfer of the $60,000.00 to Defendant is avoidable pursuant to 11 U.S.C. § 544(b) and § 726.105(1)(a), Florida Statutes.

**WHEREFORE**, Mirabilis requests that this Court enter an Order: (i) avoiding the transfer of $60,000.00 to Defendant as fraudulent under 11 U.S.C. § 544(b) and § 726.105(a)(1), Florida Statutes; (ii) entering judgment in favor of Mirabilis together with pre-judgment and post-judgment interest and costs pursuant to § 550; and (iii) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

**BROAD AND CASSEL**
Attorneys for Plaintiff
390 North Orange Avenue, Suite 1400
Orlando, Florida  32801
PO Box 4961 (32802-4961)
Telephone:     (407) 839-4200
Facsimile:     (407) 650-0927

By:_____ */s/ Nicolette C. Vilmos*_____
         Nicolette C. Vilmos, Esquire
         Florida Bar No  0469051
         nvilmos@broadandcassel.com

-4-