UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| IN RE: | CASE NO.:   6:08-bk-04327-KSJ |
| **MIRABILIS VENTURES, INC.,** | CHAPTER 11 |
| Debtor. | |
| _____/ | |
| **MIRABILIS VENTURES, INC.,** | Adversary Proc. No.:6:10-ap-00140-KSJ |
| Plaintiff, | |
| v. | |
| **RON SACHS COMMUNICATIONS INC.,**<br>a Florida corporation, | |
| Defendant. | |
| _____/ | |

## DEFENDANT'S MOTION TO DISMISS

Defendant Ron Sachs Communications, Inc. ("RSC"), pursuant to Bankruptcy Rule 7012(b) and Rule 12(b)(6), Fed. R. Civ. P., hereby moves to dismiss the complaint filed in this adversary proceeding by the Debtor, Mirabilis Ventures, Inc. ("Debtor"). In support thereof, RSC states as follows:

A.   **The Complaint Fails To State A Cause Of Action For Failure To Plead The Existence Of An Actual Creditor With An Allowed Unsecured Claim.**

The complaint filed by Debtor contains two counts, each based upon the trustee's strong-arm powers under 11 U.S.C. § 544(b) to assert claims of an *actual* unsecured creditor. Complaint, ¶¶ 19, 22. As explained by Judge Paskay:

> It is well established that before a trustee is able to utilize applicable state or federal law referred to in Section 544(b), there

1

must be an allegation and ultimately a proof of the existence of at least one unsecured creditor of the Debtor who at the time the transfer in question occurred could have, under applicable local law, attacked and set aside the transfer under consideration.

*Smith v. Shoemaker (In re Smith)*, 120 B.R. 588, 590 (Bankr. M.D. Fla. 1990). *See also Bauman v. Bliese (In re McCarn's Allstate Fin., Inc.)*, 326 B.R. 843, 848-49 (Bankr. M.D. Fla. 2005) (citing *In re Smith*).

Here, the Complaint fails to allege the existence of an actual creditor with an allowed unsecured claim. Failure to allege the existence of such a creditor renders claims asserted under 11 U.S.C. § 544(b) legally deficient, and the complaint must be dismissed for failure to state a cause of action. *Cohen v. Morgan Schiff & Co. (In re Friedman's Inc.)*, 385 B.R. 381, 466-67 (Bankr. S.D. Ga. 2008) (granting motion to dismiss claim brought under section 544(b) for trustee's failure to allege the existence of an actual unsecured creditor).

**B.    Count Two Of The Complaint Fails To State A Cause Of Action Under Florida's Uniform Fraudulent Transfer Act.**

Count Two of the Complaint purports to assert a claim under section 726.105(1)(a), Florida Statutes (2010) (the Florida Uniform Fraudulent Transfer Act). That section provides:

> **726.105. Transfers fraudulent as to present and future creditors**
>
> (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> > (a) With actual intent to hinder, delay, or defraud any creditor of the debtor[.]

*Id.*

Under the plain language of this statute, in order to state a cause of action, the plaintiff must allege that the debtor made a transfer with the actual intent to hinder, delay or defraud

creditors. *See also In re McCarn's Allstate Fin., Inc.*, 326 B.R. at 848 (setting forth elements for stating a cause of action under either 11 U.S.C. § 548(a)(1) or § 726.105(1)(a), Fla. Stat.).

Here, the Complaint does not contain an allegation that *the Debtor* had any intent to hinder, delay or defraud creditors when it gave the two checks to RSC. Instead, the Complaint asserts only that "Defendant's receipt $60,000 [sic] was accepted with actual intent to hinder, delay or defraud creditors of Mirabilis." Complaint, ¶ 22.

For purposes of stating a claim under § 726.105(1)(a), Fla. Stat., it is the debtor's intent in making the transfer, not the recipient's intent in receiving it, that matters. *In re McCarn's Allstate Fin., Inc.*, 326 B.R. at 848; *Lassman v. Hollis Meddings Group, Inc. (In re Charles River Press Lithography)*, 381 Bankr. 421, 428 (Bankr. D. Mass. 2008) (dismissing fraudulent transfer claim for failure to state cause of action where complaint alleged that creditor accepted payment with intent to defraud creditors, but failed to allege necessary intent on the part of the debtor).

Because the Complaint lacks the requisite allegation that the Debtor intended to hinder, delay or defraud creditors when it gave the checks to RSC, Count Two of the Complaint fails to state a cause of action, and it must be dismissed.

### C. Final Notes Regarding The Inadequate And Unsupported Pleading Of Facts In The Complaint.

In addition to the defects described above, the Complaint deserves two additional comments. First, under Rule 8(a)(2), Fed. R. Civ. Proc., a complaint must show enough to "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A complaint need not bear "detailed factual allegations," but must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted).

3

Here, the Complaint is almost completely devoid of any factual allegations, and is "a formulaic recitation of the elements of a cause of action," though, as described above, a legally deficient recitation. For the reasons set forth above, the Complaint must be dismissed. If Plaintiff seeks to re-file the Complaint it should anticipate a motion under Rule 8(a)(2), Fed. R. Civ. Proc., if Plaintiff does not provide a more detailed statement of facts supporting its claim.

Second, though all facts alleged in the Complaint are deemed accepted as true for purposes of a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. Proc., RSC wants the record to be very clear that it never received one of the two checks that are the subject of the Complaint. The undersigned counsel for RSC has written to counsel for Plaintiff at least twice and advised counsel that RSC did not ever receive check number 12631138. Counsel for Plaintiff never responded to requests for documentation that would support Plaintiff's assertion that RSC received check number 12631138, and instead filed the Complaint. Plaintiff and its counsel are hereby placed on notice that if they re-file their claims, and again include a demand based upon check number 12631138, they should anticipate a motion under Bankruptcy Rule 9011.

## CONCLUSION

For all of the foregoing reasons, Ron Sachs Communications, Inc. respectfully requests that the Complaint be dismissed.

Dated this __18th__ of June, 2010.

_____
JAMES M. DONOHUE
Florida Bar No. 0191819
DOUGLAS L. KILBY
Florida Bar No. 0073407
Ausley & McMullen, P.A.
Post Office Box 391
Tallahassee, Florida 32302
(850) 224-9115; Fax (850) 222-7560
**Attorneys for Ron Sachs Communication Inc.**

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Dismiss has been furnished by U.S. Mail to Nicolette Corso Vilmos, 390 North Orange Ave., Suite 1400, Orlando, Fl 32801, this ____ day of June, 2010.

_____
Attorney